**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



D.A.R.E. NEW JERSEY, INC., a New
Jersey nonprofit corporation,

               Plaintiff-Appellant,

  v.

D.A.R.E. AMERICA, a California not-for-
profit corporation,

               Defendant-Appellee.

No.    15-55512

D.C. No.
2:12-cv-09805-SJO-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 12, 2017[**]
Pasadena, California

Before: KOZINSKI, McKEOWN, and WATFORD, Circuit Judges.

D.A.R.E. New Jersey, Inc., appeals the district court's confirmation of an

arbitration award to D.A.R.E. America. We review de novo the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

confirmation of an arbitration award. *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The arbitrator did not manifestly disregard the law by refusing to allow D.A.R.E. New Jersey to arbitrate its New Jersey Franchise Practices Act claim. D.A.R.E. New Jersey cites no authority to support the proposition that an arbitrator must allow a party to amend an arbitration demand to include a new claim on the eve of the arbitration hearing. "To vacate an arbitration award on this ground, [i]t must be clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (first alteration in original) (citations and internal quotation marks omitted).

"The scope of the arbitrator's jurisdiction extends to issues not only explicitly raised by the parties, but all issues implicit within" the arbitration demand. *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 733 (9th Cir. 2006). An arbitrator's interpretation of the scope of her powers is entitled to great deference. *Id.* As the arbitrator found, the determination that D.A.R.E. New Jersey materially breached the charter agreement was necessary to resolve the

2

breach of contract claim.

Finally, even where we have vacated an arbitration award on public policy grounds, we have concluded (1) that an explicit, well defined, and dominant public policy exists, and (2) that the policy specifically militates against the relief ordered by the arbitration. *Matthews v. Nat. Football League Mgt. Council*, 688 F.3d 1107, 1111 (9th Cir. 2012). D.A.R.E. New Jersey has not identified an explicit public policy that militates against the relief ordered by the arbitration here.

**AFFIRMED.**